1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL P HOLLINS,                    No C-09-1929 VRW (PR)

12          Petitioner,

13          v                            ORDER OF DISMISSAL

14  SAUNDRA B ARMSTRONG et al,

15          Respondents.                 (Doc ## 2 & 4)

16  _____/

17

18          Petitioner, a federal prisoner incarcerated at the United

19  States Penitentiary, Hazelton in West Virginia, has filed a pro se

20  petition for a writ of habeas corpus under 28 USC section 2241

21  challenging a November 2007 sentence from this court (Armstrong, J).

22  See United States v Hollins, No CR 92-00126-SBA (ND Cal Nov 28, 2007

23  (judgment and commitment).  Specifically, petitioner is challenging

24  the court's revocation of his supervised release and imposition of a

25  37 month prison term followed by a 23 month term of supervised

26  release, which resulted after the court found petitioner guilty of

27  five violations of the conditions attached to his term of five years

28  of supervised release.  See United States v Hollins, No CR 92-00126-

SBA, Doc #175.  He also seeks leave to proceed in forma pauperis.
Doc ## 2 & 4.

I

The court may permit the commencement of this action
without prepayment of fees or security thereof if petitioner submits
an affidavit that states he is unable to pay such fees or give
security thereof.  28 USC § 1915(a)(1).  Petitioner's application to
proceed in forma pauperis shows that the average deposits into his
prisoner account each month for the most recent six month period
were for $500.00 and that the average balance in his prisoner's
account each month for the most recent six month period was $67.51.
Petitioner's application to proceed in forma pauperis is
DENIED.  The $5.00 filing fee is now due.

II

A prisoner in custody under sentence of a federal court
who wishes to attack collaterally the validity of his conviction or
sentence must do so by way of a motion to vacate, set aside or
correct the sentence pursuant to 28 USC section 2255 in the court
which imposed the sentence.  See Tripati v Henman, 843 F2d 1160,
1162 (9th Cir), cert denied, 488 US 982 (1988).  Only the sentencing
court has jurisdiction to hear these types of challenges.  See id at
1163.  A prisoner may not attack collaterally a federal conviction
or sentence by way of a petition for a writ of habeas corpus
pursuant to 28 USC section 2241.  See Grady v United States, 929 F2d

468, 470 (9th Cir 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via section 2255 motion); <u>Tripati</u>, 843 F2d at 1162 (challenge to legality of conviction must be brought in sentencing court via section 2255 motion).

## III

    For the foregoing reasons and for good cause shown,

    1.   Petitioner's request to proceed in forma pauperis (Doc ## 2 & 4) is DENIED.  The $5.00 filing fee is now due.

    2.   The petition for a writ of habeas corpus under 28 USC section 2241 is DISMISSED without prejudice subject to petitioner seeking relief by filing a motion under 28 USC section 2255 in the underlying case.

    The clerk is directed to terminate any pending motions as moot, enter judgment in accordance with this order and close the file.


    IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge


G:\PRO-SE\VRW\HC.09\Hollins-09-1929-dismissed.wpd

3